FILED
CLERK, U.S. DISTRICT COURT

JUN 10 2008

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK L. HARDING, | ) | NO. CV 07-8121-R(CT) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING |
| | ) | MAGISTRATE JUDGE'S |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| JOHN MARSHALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation and petitioner's objections.

    This court concurs with the magistrate judge's report and recommendation. In the report and recommendation, the magistrate judge cited the decision of a Ninth Circuit panel in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008). <u>See</u> Report and Recommendation at 14. Since the report and recommendation was filed, the Ninth Circuit granted rehearing en banc in the <u>Hayward</u> case and the panel's decision is no longer citable in this circuit. <u>See Hayward v. Marshall</u>, --- F.3d ----, 2008 WL 2131400 (9th Cir. May 16, 2008). The Ninth Circuit's grant of rehearing in <u>Hayward</u> does not change or impact the result in this case.

In his objections, petitioner contends that his due process rights were violated because his first parole hearing held in 2002 should have been held one year prior to that date under California law. Petitioner did not raise this new ground before the California Supreme Court, see Lodgment 10, and this ground is, therefore, unexhausted. See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). The court exercises its discretion and declines to consider a new, unexhausted ground challenging a different parole hearing and raised for the first time in petitioner's objections. See United States v. Howell, 231 F.3d 615, 622-23 (9th Cir. 2000) (court is not required, but has discretion, to consider new evidence raised for the first time in objections). The court alternatively finds that this belated ground is time-barred. See 28 U.S.C. § 2244(d).

Petitioner's request for an evidentiary hearing is denied because an evidentiary hearing is not warranted in this case. See Schrirro v. Landrigan, ___ U.S. ___, 127 S.Ct. 1933, 1940 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.")

Accordingly, IT IS ORDERED THAT:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: June 10, 2008

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE